# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | | |
|---|---|---|
| Jodi A. Whitehead | ) | |
| | ) | Civil Action No.: 3:15-cv-04200-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| The Travelers Indemnity Company of America, Plaintiff's UIM Insurance, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Jodi A. Whitehead ("Plaintiff") filed this action alleging claims for breach of contract, bad faith, and negligent misrepresentation, and other claims[1] against Defendant The Travelers Indemnity Company of America ("Defendant")[2] arising from Defendant's refusal to pay benefits under an underinsured motorist policy ("UIM"). (ECF No. 1-1 at 7-17.) This matter is before the court on Defendant's Motion for Summary Judgment (ECF No. 14). For the reasons that follow, the court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion for

---

[1] When Defendant removed the action to this court, it filed a copy of the complaint Plaintiff filed in state court. That complaint contained four claims: (1) breach of contract; (2) bad faith for refusal to pay UIM benefits; (3) bad faith in handling of the UIM claim; and (4) negligent misrepresentation. (ECF No. 1-1 at 6-9.) The Defendant noted that pages 10-11 of the complaint, which presumably listed more claims, appeared to be missing. (ECF No. 1 at 2.) Subsequently, Plaintiff filed an amended complaint in state court that appears to contain the missing pages, which include claims for fraudulent misrepresentation and violation of the South Carolina Unfair Trade Practices Act, S.C. Code Ann. § 39-5-10, et seq. (2014). (*See* ECF No. 26-1.)

[2] Defense counsel has asserted that the correct name of the defendant in this matter is The Travelers Indemnity Company of America (*see, e.g.*, ECF No. 1 at 1), and Plaintiff has not disagreed. Although the court retains that caption used in Plaintiff's complaint, the court refers to The Travelers Indemnity Company of America as the Defendant.

1

Summary Judgment (ECF No. 14) and **DISMISSES** all claims in Plaintiff's Complaint (ECF No. 1-1 at 7-17), save Plaintiff's South Carolina Unfair Trade Practices Act ("SCUTPA") claim.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The material facts are not in dispute. On October 15, 2012, Plaintiff, while driving her truck, was involved in a collision with a tractor-trailer operated by Rodney Jermain Dove. Plaintiff's truck was damaged, and Plaintiff incurred injuries, requiring medical treatment and rehabilitation, and missed work between October 15, 2012, and December 5, 2012, causing her lost wages.

Dove was insured by State Farm Insurance Companies ("State Farm"). On January 28, 2014, State Farm and Plaintiff entered a Covenant not to Execute (the "Covenant"). The Covenant specified that Plaintiff retained "the right to bring suit against . . . Dove and prosecute [the suit] to final judgment." (ECF No. 23-5 at 3.) However, the Covenant stated that, in exchange for $25,000, Plaintiff agreed to "not enforce against . . . Dove . . . any judgment" obtained through an action based on the October 25, 2012, collision. (*Id.*) It further specified "that . . . Dove denies any liability to [Plaintiff, ]that this agreement and payment is not intended as, nor should be construed as, an admission of liability," and that the "Covenant is not a release, nor shall it be construed as a release . . . ." (*Id.* at 4-5.) The Covenant contemplates that Plaintiff would be able to seek any available UIM benefits in litigation. (*See id.*)

At the time of the collision, Plaintiff had two automobile insurance policies with Defendant that carried UIM coverage of $25,000. In July 2014, Plaintiff submitted letters to Defendant, demanding payment of benefits under the UIM coverage. After settlement negotiations failed, Defendant refused Plaintiff's demands.

2

On August 27, 2015, Plaintiff commenced the instant action in state court by filing a complaint against Defendant and a summons. The complaint contains claims for (1) breach of contract for failure to pay the UIM benefits; (2) bad faith for refusal to pay the UIM benefits; (3) bad faith for failure to handle Plaintiff's claim for UIM benefits; and (4) negligent misrepresentation in Defendant's advertisements regarding its handling of insurance claims. A later-filed amended complaint suggests additional claims of (5) fraudulent misrepresentation and (6) violation of SCUTPA were also contained in the complaint. *See supra* note 1.

On December 21, 2015, Defendant filed the instant Motion for Summary Judgment. In the motion, Defendant argues that the undisputed evidence shows that Plaintiff failed to comply with S.C. Code Ann. § 38-77-160 (2015), which, in relevant part, reads: "No action may be brought under the underinsured motorist provision unless copies of the pleadings in the action establishing liability are served in the manner provided by law upon the insurer writing the underinsured motorist provision." S.C. Code Ann. § 38-77-160. Defendant contends that, because Plaintiff never commenced an action against Dove to establish his liability and therefore never served pleadings of the action, she is barred from recovering under South Carolina's UIM provisions. Moreover, Defendant asserts that, because the statute-of-limitations period for Plaintiff's UIM-related claims has expired, Plaintiff is unable to cure the deficiency, and summary judgment is appropriate.

On January 27, 2016, Plaintiff claims that she filed a complaint against Dove and a summons in state court and that these pleadings were served on Defendant. The complaint against Dove is, in fact, an amended complaint that amends the complaint filed in the state proceedings that were removed to this court. (*Compare* ECF No. 1-1, *with* ECF No. 26-1.) Although the summons issued to Dove names him as a defendant in the caption, the amended complaint does not name Dove as a defendant, does not refer to him as a liable party in any of the numbered causes

3

of action, does not allege that Plaintiff incurred damages as a result of Dove's conduct, and does not seek any relief from Dove. (ECF No. 26-1.)

## II. LEGAL STANDARDS AND ANALYSIS

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[I]n ruling on a motion for summary judgment, 'the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her] favor.'" *Tolan v. Cotton*, ___ U.S. ___, 134 S. Ct. 1861, 1863 (2014) (per curiam) (brackets omitted) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in her pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *See id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *See Liberty Lobby, Inc.*, 477 U.S. at 252. A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and a fact is material if it "might affect the outcome of the suit under the governing law." *Id.* at 248.

**A. Claims for breach of contract and bad faith for refusal to pay UIM benefits**

The facts of the instant case are almost identical to the facts in *Williams v. Selective Ins. Co. of the Se.*, 466 S.E.2d 402 (S.C. 1994). In that case,

4

> Williams was injured in an auto accident. She settled with the at-fault driver's liability insurance carrier for $25,000, the limit available under that policy. In return, she agreed not to execute any judgment obtained against the at-fault driver personally. After the settlement, Williams did not bring an action against the at-fault driver but filed a claim for underinsured motorist benefits under her policy with Insurer claiming her medical bills exceeded $25,000. When Insurer refused to pay, Williams commenced this action [for breach of contract and bad faith refusal to pay underinsured motorist benefits].
>
> Insurer moved for summary judgment on the ground Williams failed to pursue an action against the at-fault driver to establish liability and damages. Further, since the statute of limitations to commence an action against the at-fault driver had expired, no such action could ever be brought and Insurer was entitled to judgment as a matter of law.

466 S.E.2d at 533-34 (parentheses omitted). In its brief analysis, the South Carolina Supreme Court affirmed the grant of summary judgment to the defendant insurer:

> Under [§ 38-77-160], summary judgment was properly granted Insurer because Williams failed to comply with the requirement that she serve on Insurer copies of pleadings in an action against the at-fault driver. Further, an action against the at-fault driver can never be brought since the statute of limitations has run on that cause of action. Since § 38-77-160 bars an action for underinsured benefits absent compliance with the requirement that pleadings in the action establishing liability be served on the underinsured carrier, Williams cannot maintain her action against Insurer.
>
> . . . [T]he intent of § 38-77-160 is to protect an insurance carrier's right to contest its liability for underinsured benefits. An insured must therefore preserve the right of action against an at-fault driver so long as the underinsured carrier has not agreed to the amount and payment of underinsured motorist benefits. In the event the insured chooses to settle with the at-fault party's liability carrier, the underinsured carrier has the option to assume control of the defense of the action as provided in § 38-77-160. In this case, Williams's failure to pursue an action against the at-fault driver resulted in a total waiver of Insurer's right to defend. The purpose of § 38-77-160 is to avoid such a result.

*Id.* at 534-35.

As in *Williams*, Plaintiff here agreed not to execute any judgment against the putative at-fault driver, Dove, in exchange for a payment from the putative at-fault driver's insurer, State Farm. As in *Williams*, Plaintiff did not commence an action against Dove but, instead filed breach-

5

of-contract and bad-faith refusal-to-pay UIM benefits claims against her insurer. And as in *Williams*, the statute of limitations for commencing an action against Dove expired at the time summary judgment was sought. *See* S.C. Code Ann. § 15-3-530(1) (2005) (setting a three-year limitations period). As *Williams* explained, Plaintiff was required to preserve her right of action against Dove by commencing suit against him and to serve the pleadings on Defendant before commencing a suit against Defendant for breach and bad faith based on Defendant's refusal to pay UIM benefits. *See Williams*, 466 S.E.2d at 534-35; *see also Ex parte Allstate Ins. Co.*, 528 S.E.2d 679, 680 (S.C. Ct. App. 2000) ("The requirement of service in [§ 38-77-160] is absolute."); *Louden v. Moragne*, 486 S.E.2d 525, 527 (S.C. Ct. App. 1997) ("[T]he insured must preserve the right of action against an at-fault driver so long as the underinsured carrier has not agreed to the amount and payment of underinsured benefits."). Because Plaintiff failed to commence an action against Dove before the limitations period for doing so expired, she cannot meet the § 38-77-160 requirement, and summary judgment for Defendant on the breach and bad faith claims is appropriate.

Plaintiff's attempts to distinguish the instant case from *Williams* are unpersuasive. First, Plaintiff appears to argue that § 38-77-160's service requirement applies only when a plaintiff is seeking compensation from the other driver's insurer, not from the plaintiff's own insurer. *Williams* contradicts this argument, and the court rejects it.

Second, Plaintiff contends that she sufficiently preserved her claims against Dove because she obtained payment from Dove's insurer under the Covenant, or, as she puts it, "[t]he fact, that the at-fault motorist and the insurance carrier tendered for liability establishes the at-fault liability." (ECF No. 23 at 10.) The court rejects this argument because it reflects an incorrect understanding of the effect of a covenant not to execute. By itself, a covenant not to execute is not sufficient to

satisfy § 38-77-160's requirement that a plaintiff preserve her right of action against the putative at-fault driver. *See Williams*, 446 S.E.2d at 533-34 (concluding that "summary judgment was properly granted" even though plaintiff "settled with the at-fault driver's liability insurance carrier . . . [and] [i]n return, . . . agreed not to execute any judgment obtained against the at-fault driver personally.") "A covenant not to execute is treated differently than a settlement agreement which is a release." *Cobb v. Benjamin*, 482 S.E.2d 589, 591 (S.C. Ct. App. 1997) (citing *Ackerman v. Travelers Indem. Co.*, 456 S.E.2d 408 (S.C. Ct. App. 1995)). Where an agreement reserves a party's right to obtain a judgment against a putative at-fault driver, prevents that party from executing any such judgment, and contemplates that the party may recover any available UIM benefits, the agreement is a covenant not to execute. *See Id.*; *Ackerman*, 456 S.E.2d at 413. Here, the Covenant states it is not a release, reserves Plaintiff's right to obtain a judgment against Dove, prevents Plaintiff from executing any such judgment against Dove, and contemplates that Plaintiff is able to seek any available UIM benefits. Accordingly the Covenant is a covenant not to execute and, alone, is not sufficient to satisfy the § 38-77-160 requirement.

Third, Plaintiff argues that her January 27, 2016 filing and service of the amended complaint and summons satisfies the § 38-77-160 requirement. The court disagrees. Plaintiff attempted to commence an action against Dove by filing an amended complaint in state court and issuing a summons in the same action that was removed to this court. The court concludes, however, that the amended complaint and summons are ineffective to commence an action against Dove because Plaintiff failed to amend the complaint in this court. The federal removal statute states that, once removal has been perfected, "the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d). The Fourth Circuit has interpreted this language to mean that a state court "loses all jurisdiction to proceed immediately upon the [perfection of

7

removal]. . . . [A]ny proceedings in the state court after [removal] and prior to a federal remand order are absolutely void . . . ." *South Carolina v. Moore*, 447 F.2d 1067, 1073 (4th Cir. 1971). Under this interpretation, the state court has no authority to entertain a motion to amend a complaint in a case that has been removed to the federal court, and an attempt to amend the pleadings in state court is wholly ineffectual. *See Mid S. Carbon Corp. v. TriCamp Capital, LLC*, 622 F. App'x 223, 225 (4th Cir. 2015) ("[O]nce [defendant] removed [plaintiff]'s case to federal court, [plaintiff] lost the ability to cure the defect in its pleading because the state court lost jurisdiction over the case."); *Holmes v. AC & S, Inc.*, 388 F. Supp. 2d 663, 667 (E.D. Va. 2004) ("[B]ecause removal to federal court suspends any subsequent state court proceedings, the plaintiff could not even have acted to perfect an appeal in the state system."). Thus, Plaintiff's attempt to commence an action against Dove by filing a motion to amend her already-removed complaint is without any effect, and the amended complaint and summons are treated as if they were never filed. Accordingly, Plaintiff is in the exact same position as the plaintiff in *Williams*, who did not commence an action at all against the putative at-fault driver. Thus, Plaintiff's belated attempt to amend her complaint does not distinguish her circumstances from those in *Williams*.[3]

In sum, Plaintiff's claims of breach of contract and bad faith based on Defendant's refusal to pay UIM benefits fit will within the circumstances outlined in *Williams*. Because Plaintiff failed to preserve her right of action against Dove and cannot cure this deficiency, as the limitations

---

[3] The court notes that Plaintiff has failed to seek an amendment in accordance with the procedures applicable in this court. *See* Fed. R. Civ. P. 15(a). The court also notes that the amended complaint cannot be read to state any cause of action against Dove or to otherwise seek a ruling that Dove was liable for the collision at issue. Therefore, even if the amended complaint was not void, it likely would not satisfy the requirements of § 38-77-160. *See* S.C. Code Ann. § 38-77-160 ("No action may be brought under the underinsured motorist provision unless copies of the *pleadings in the action establishing liability* are served in the manner provided by law upon the insurer writing the underinsured motorist provision." (emphasis added)).

period for filing such an action has expired, Defendant is entitled to summary judgment on the claims.

**B. Claims of bad faith in handling UIM claim, negligent misrepresentation, and fraudulent misrepresentation**

Plaintiff's complaint also contains claims of bad faith in handling Plaintiff's claims for UIM benefits, negligent misrepresentation, and fraudulent misrepresentation.[4] The court must decide whether summary judgment is also appropriate for these claims, which all sound in tort.

Although South Carolina law is clear that failure to comply with § 38-77-160's requirement bars claims for breach of contract and bad faith based on an insurer's refusal to pay UIM benefits, it is less clear how that provision applies to related claims, such as those sounding in tort. *See Halmon v. Am. Int'l Grp., Inc. Ins. Co.*, 586 F. Supp. 2d 401, 405 (D.S.C. 2007). The court determines that, as a general matter, the case law supports the conclusion that § 38-77-160 presents a bar to tort claims that are grounded upon an insurer's refusal to pay UIM benefits. *See Williams*, 466 S.E.2d at 533-35 (affirming grant of summary judgment on claim of bad faith refusal to pay UIM benefits); *see also Booth v. Allstate Ins. Co.*, 334 F. Supp. 2d 880, 882, 885 (D.S.C. 2004) (dismissing allegation of "bad faith insurance settlement practices" because, where insurer has reasonable grounds to deny claim, plaintiff cannot sustain a bad faith claim). This rule applies not only to direct claims of bad-faith refusal-to-pay, but also to other tort claims that rely on the insurer's obligation to pay. *See Potylicki v. Allstate Ins. Co.*, 386 F. App'x 435, 438 (4th Cir. 2010) ("[W]e reject [plaintiff]'s attempt to evade the statute by labeling his claim as one for violation of

---

[4] Because the court can dispose of Plaintiff's claims on grounds discussed below, the court declines to consider, at this stage, whether her claims for fraudulent misrepresentation and SCUTPA violation should be disposed on the basis that they were not contained in the initial complaint, *see supra* note 1, and that Plaintiff has not sought in this court to amend her complaint to include the two missing claims. For purposes of disposing the summary judgment motion, the court assumes, without conclusively deciding, that the two claims were alleged in the complaint.

the implied covenant of good faith and fair dealing . . . rather than what it is in substance: a claim for breach of contract for failure to pay uninsured motorist benefits."); *id.* at 438-39 (emphasizing that "South Carolina law explicitly requires that an insured serve his UIM insurer with pleadings filed in a suit against the at-fault motorist prior to commencing *any action*"); *Adcock v. Allstate Ins. Co.*, No. 90-2216, 936 F.2d 567, at *1 (4th Cir. 1991) (unpublished table decision) (explaining that claims that rely on insurer's obligation to pay benefits are properly subject to summary judgment if plaintiff fails to meet statutory pre-requisites for establishing obligation to pay); *Martin v. Bristol W. Ins. Co.*, No. 4:15-cv-04134-RBH, 2016 WL 4455157, at *3 (D.S.C. Aug. 24, 2016) "[D]ecisions within this district . . . recognize that if a plaintiff fails to serve upon the UIM insurer copies of the pleadings from the action establishing the . . . at-fault driver's[] liability, the failure to serve constitutes a procedural bar to an action brought against the UIM insurer; this bar applies to both contract and tort claims asserted against the UIM insurer."); *id.* (collecting cases); *Myers v. State Farm Auto Ins. Co.*, 950 F. Supp. 148, 150 (D.S.C. 1997) ("*Williams*[] and § 38–77–160 . . . establish that the carrier's duty to act in good faith regarding underinsured benefits arises *after* the insured brings suit against the at-fault driver and serves the carrier with process."). Based on the weight of authority, the court concludes that tort claims relying on the insurer's obligation to pay UIM benefits are subject to § 38-77-160's requirement and should be dismissed if there is no genuine dispute that the plaintiff insured cannot satisfy that requirement.

Here, each of Plaintiff's tort claims rely on Defendant's obligation to pay UIM benefits. With respect to her claim of bad faith in Defendant's handling of the UIM claim, Plaintiff alleges that Defendant "acted in bad faith by failing to properly investigate and evaluate the Plaintiffs claim for UIM benefits" and "acted in bad faith by failing to communicate in good faith with the Plaintiff about [its] investigation and evaluation of the Plaintiffs claim." (ECF No. 1-1 at 13.) These actions, Plaintiff alleges, resulted in "[Defendant]'s bad faith refusal to pay the appropriate compensation," and

thus, "Plaintiff suffered loss and is entitled to damages." (*Id.* at 13-14.) Therefore, based on Plaintiff's own allegations, the only injury she sustained as a result of Defendant's bad-faith handling of her claim was the loss of UIM benefits, and, thus, the claim relies on Defendant's obligation to pay her UIM benefits.

With respect to her claim of negligent misrepresentation, Plaintiff alleges that Defendant, through advertisement, represented that it would fairly handle her claims and that these representations were false because Defendant "breached its duty to properly compensate Plaintiff for her accident." (*Id.* at 14.) Thus, based on her own allegations, Plaintiff's claim of negligent misrepresentation relies on Defendant's obligation to pay her UIM benefits. Plaintiff's claim of fraudulent misrepresentation restates the same allegations as her claim for negligent misrepresentation but includes an additional allegation that the misrepresentation was knowing and intentional. (ECF No. 26-1 at 10.) Thus, the claim for fraudulent misrepresentation also relies on Defendant's obligation to pay UIM benefits.

Because these tort claims that are set forth in Plaintiff's complaint all rely on Defendant's obligation to pay UIM benefits, they are subject to § 38-77-160's requirement that Plaintiff preserve her right of action against Dove by commencing an action against him within the limitations period for doing so and by serving the pleadings of that action on Defendant. Because Plaintiff failed to preserve her right of action against Dove and cannot cure this deficiency, Defendant is entitled to summary judgment on the related tort claims.

**C. Claim of SCUTPA violation**

Although there is ample case law for the court to determine whether the claims discussed above are barred by § 38-77-160's requirement, Defendant has pointed to no authority addressing whether a SCUTPA violation claim is likewise barred, and the court's own research has revealed

11

none.[5] Moreover, Defendant has offered no ground, other than the § 38-77-160 requirement, for granting summary judgment. Accordingly, the court concludes that Defendant has not shown that it is entitled to summary judgment on the SCUTPA violation claim as a matter of law, *see* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact *and the movant is entitled to judgment as a matter of law*." (emphasis added)), and the motion must be denied with respect to that claim.

### III. CONCLUSION

Upon careful consideration of the entire record, Defendants' Motion for Summary Judgement (ECF No. 14) is hereby **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's claims of breach of contract, bad faith in refusal to pay UIM benefits, bad faith in handling Plaintiff's UIM claim, negligent misrepresentation, and fraudulent representation (ECF No. 1-1 at 7-17; ECF No. 26-1 at 10) are **DISMISSED**.

**IT IS SO ORDERED**.

*J. Michelle Childs*

United States District Court Judge

September 27, 2016
Columbia, South Carolina

---

[5] The reason for a dearth of authority on this issue is because SCUTPA does not apply to the trade practices at issue in this case. *See Lewis v. Omni Indem. Co.*, 970 F. Supp. 2d 437, 451-52 (D.S.C. 2013) (citing S.C. Code Ann. § 39–5–40 (2016); *Trs. of Grace Reformed Episcopal Church v. Charleston Ins. Co.*, 868 F. Supp. 128, 132 (D.S.C. 1994)). By a separate order to show cause, the court will *sua sponte* act to consider whether to grant summary judgment to Defendant regarding the SCUTPA violation claim on this ground. *See* Fed. R. Civ. P. 56(f)(2).