**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| Jodi A. Whitehead,            )<br>                              )<br>            Plaintiff,      )<br>                              )<br>    v.                        )<br>                              )<br>The Travelers Indemnity Company of  )<br>America, Plaintiff's UIM Insurance, )<br>                              )<br>            Defendant.       )<br>_____) | Civil Action No.: 3:15-cv-04200-JMC<br><br><br><br>**ORDER** |

Plaintiff Jodi A. Whitehead ("Plaintiff") filed this action alleging a claim, among others, of a violation of the South Carolina Unfair Trade Practices Act ("SCUTPA"), S.C. Code Ann. § 39-5-10, et seq. (2014), against Defendant The Travelers Indemnity Company of America ("Defendant"),[1] arising from Defendant's refusal to pay benefits under an underinsured motorist policy ("UIM"). (*See* ECF No. 26-1 at 10-11.) Defendant filed a Motion for Summary Judgment (ECF No. 14), which, by separate order, the court denied with respect to the claim of SCUTPA violation.

Pursuant to Fed. R. Civ. P. 56(f)(2), the court ordered the parties to respond and to show cause why the court should not grant summary judgment in Defendant's favor on Plaintiff's claim of SCUTPA violation on the ground that SCUTPA does not apply to the trade practices at issue in this case. *See Lewis v. Omni Indem. Co.*, 970 F. Supp. 2d 437, 451-52 (D.S.C. 2013) (citing S.C. Code Ann. § 39–5–40 (2016); *Trs. of Grace Reformed Episcopal Church v. Charleston Ins. Co.*,

---

[1] Defense counsel has asserted that the correct name of the defendant in this matter is The Travelers Indemnity Company of America (*see, e.g.*, ECF No. 1 at 1), and Plaintiff has not disagreed. Although the court retains that caption used in Plaintiff's complaint, the court refers to The Travelers Indemnity Company of America as the Defendant.

1

868 F. Supp. 128, 132 (D.S.C. 1994)). The parties' responses were timely filed after the court afforded them ten days after the date the show cause order was entered in which to respond. *See Koninklijke Philips Elecs. N.V. v. Cardiac Sci. Operating Co.*, 590 F.3d 1326, 1332 (Fed. Cir. 2010); *Amzura Enters., Inc. v. Ratcher*, 18 F. App'x 95, 103 (4th Cir. 2001).

In her response, Plaintiff first argues that the court should treat the amended complaint she filed in state court as filed in this court. (ECF No. 36 at 1.) The court declines to do so. As the court previously explained, the amended complaint is void *ab initio* because it was filed in state court after the case was properly removed to this court. *See* 28 U.S.C. § 1446(d); *Mid S. Carbon Corp. v. TriCamp Capital, LLC*, 622 F. App'x 223, 225 (4th Cir. 2015); *South Carolina v. Moore*, 447 F.2d 1067, 1073 (4th Cir. 1971); *Holmes v. AC & S, Inc.*, 388 F. Supp. 2d 663, 667 (E.D. Va. 2004). Further, Plaintiff failed to seek an amendment in accordance with the procedures applicable in federal district courts. *See Hall v. Morales*, No. PWG-14-944, 2014 WL 7204918, at *4 (D. Md. Dec. 16, 2014) ("Although Fed. R. Civ. P. 15 does not expressly require a motion before the court may grant leave to amend a pleading, Fed. R. Civ. P. 7(b)(1) clearly states that a request for a court order must be made by motion." (internal quotation marks and brackets omitted)). And, even if Plaintiff had properly sought to amend her complaint, the court would not grant leave to do so because, as the court previously explained, the proposed amended complaint does not cure the deficiency that the court identified in its previous order. (*See* ECF No. 32 at 8 n.3); *Scott v. Family Dollar Stores, Inc.*, 733 F.3d 105, 121 (4th Cir. 2013) ("Denying leave to amend is appropriate when . . . the amendment would have been futile.").

Plaintiff next contends that, to the extent the SCUTPA claim was raised in her initial complaint, the court should not enter summary judgment on it because, as it "does not involve the amount of coverage or concern[] the business of insurance, this court should find that the SCUTPA

2

does apply in this matter due to a lack of proper compensation." (ECF No. 36 at 3.) The court rejects this argument. As the court explained in *Grace Reformed*:

> [B]ecause § 39–5–40(c) exempts from coverage unfair trade practices regulated by Chapter 57 of Title 38 it exempts from coverage all unfair trade practices regarding the business of insurance. The Insurance Trade Practices Act to which § 39–5–40(c) refers is intended to regulate all unfair trade practices in the business of insurance as evidenced by § 38–57–10. Therefore, by precluding unfair trade practices covered and regulated under Chapter 57, § 39–5–40(c) exempts from the coverage of SCUTPA *all unfair trade practices in the business of insurance.*

868 F. Supp. at 132 (emphasis added) (internal citations omitted) (citing *State v. Thrift,* 440 S.E.2d 341, 354 (1994); *Spartanburg v. Leonard,* 186 S.E. 395 (1936)).  The court sees no reason why Plaintiff's SCUTPA violation claim here is not subject to the rule stated in *Grace Reformed.*

Accordingly, summary judgment in favor of Defendant on Plaintiff's SCUTPA violation claim is hereby **GRANTED**, and the claim is **DISMISSED**.

**IT IS SO ORDERED**.

*J. Michelle Childs*

United States District Court Judge

October 11, 2016
Columbia, South Carolina

3